## UNITED STATES v. TYLER.

(District Court, D. Delaware. October 4, 1926.)

No. 1.

**1. Criminal law ☞167.**

Former conviction in a court having no jurisdiction is a nullity, and constitutes no bar to a second prosecution.

**2. Indictment and information ☞3.**

District Court *held* without jurisdiction of cause wherein defendant was held and sentenced for an infamous crime, not on a presentment or indictment of grand jury.

**3. Criminal law ☞189.**

Defendant, whose sentence on plea of guilty was vacated because offense charged in information was infamous crime, may not plead autrefois convict; Comp. St. § 1701, being inapplicable.

Criminal prosecution by the United States against Perry Tyler. On demurrer by the government to a plea of autrefois convict. Demurrer sustained.

David J. Reinhardt, U. S. Atty., of Wilmington, Del.

Percy Warren Green, of Wilmington, Del., for defendant.

MORRIS, District Judge. To an indictment charging Perry Tyler with a third offense under the Volstead Act the defendant has pleaded autrefois convict. To this plea the government has demurred. The plea is based upon the fact that at the June term, 1925, Tyler was charged by information with having committed the same offense; that he entered a plea of "guilty," and was sentenced to serve a term of 15 months in the federal prison at Atlanta, Ga. It is conceded that the crime for which Tyler now stands indicted is the identical crime with which he was charged in the prior information. It is likewise conceded that Tyler is the same person, and that, after Tyler had begun his sentence, the judgment of the court was vacated, and the information quashed, by reason of the fact that the offense charged in the information was an infamous crime, in that it was one for which a sentence of imprisonment for more than one year might be imposed.

[1] Three reasons lead me to the conclusion that the demurrer to the plea must be sustained. The first of these is that jurisdiction is essential to the validity of every conviction, and a former conviction in a court having no jurisdiction is a nullity, and constitutes no bar to a second prosecution. In Kepner v. United States, 195 U. S. 100, 129, 24 S. Ct. 797, 804 (49 L. Ed. 114, 1 Ann. Cas. 655), the Supreme Court, quoting from United States v. Ball, 163 U. S. 662, 16 S. Ct. 1192, 41 L. Ed. 300, said:

"The Constitution of the United States, in the Fifth Amendment, declares, 'Nor shall any person be subject to be twice put in jeopardy of life or limb.' The prohibition is not against being twice punished, but against being twice put in jeopardy; and the accused, whether convicted or acquitted, is equally put in jeopardy at the first trial. An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense. Commonwealth v. Peters, 12 Metc. [Mass.] 387; 2 Hawk. P. C. c. 35, § 3; 1 Bishop's Crim. Law, § 1028. But although the indictment was fatally defective, yet, if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error, and, until so avoided, cannot be collaterally impeached. If the judgment is upon a verdict of guilty, and unreversed, it stands good, and warrants the punishment of the defendant accordingly, and he could not be discharged by a writ of habeas corpus. * * *"

[2, 3] The second and co-ordinating reason is that, since the defendant was held and sentenced for an infamous crime, not on a presentment or indictment of a grand jury, but upon information of the district attorney, this court was wholly without jurisdiction of the cause, and the defendant might have been released upon a writ of habeas corpus. Ex parte Wilson, 114 U. S. 417, 429, 5 S. Ct. 935, 29 L. Ed. 89. The third and last reason is that, inasmuch as the information was void and the court was without jurisdiction of the cause, R. S. § 1035 (Comp. St. § 1701), is without application.

The demurrer must be sustained.